J. C. Miller & Co. *v.* Steamer S. F. J. Trabue et al.

Payment must be imputed to that debt which the debtor had most interest in discharging.

The action of any of the sureties with their principal, cannot bind the creditors to whom the purchase price is due.

APPEAL from the Fourth District Court of New Orleans, *Price*, J.
*J. B. Cotton*, for plaintiff. *G. L. Bright*, for defendant and appellant.

BUCHANAN, J. The steamer *Trabue* having been sold in execution of various judgments against her, by consent of parties, instead of one twelve months bond for the total price of adjudication, five distinct bonds of the purchaser, with different sureties, and for different amounts, were taken. The surety on one of those bonds now claims a fund in this court, proceeding from a policy of insurance effected by the Sheriff and transferred to the plaintiffs in execution; on the ground, that the sureties on the other four twelve months bonds, had, subsequently to the signing of said bonds, and in virtue of a conveyance of the *Trabue* to them by the purchaser at sheriff's sale, assumed upon themselves the whole liability of those bonds.

This claim of the surety is put by his counsel upon the civil law doctrine of imputation of payments; according to which, the debtor of several debts has a right to declare, when he makes a payment, what debt he means to discharge; and when the receipt bears no imputation, the payment must be imputed to the debt which the debtor had at the time most interest in discharging, of those which are equally due. C. C. articles 2160 and 2162. And in support of the imputation in the present instance, to the bond of his client, the learned counsel has referred us to the report of a case decided in the Supreme Court of Maine, to be found in the 6th Law Reporter, pages 501 to 506, of which the doctrine is thus stated: "Thus a payment is applied to the discharge of a debt, for which a surety is bound, rather than to acquit what the debtor is singly bound for, without giving any security."

The same doctrine is found in Pothier on Obligations, 530, 5th corollary. "The imputation, says Pothier, is made rather to the debt for which the debtor has given security than to that which he owes simply."

In the present case, the difference in the respective positions of the principal and sureties in the different bonds given for the price of the *Trabue*, is a difference created by the acts and arrangements of the parties obligors to those bonds, since they were given among themselves, and without any privity of the plaintiffs in execution, the obligees in those bonds.

We agree with the District Judge, in his second ground for judgment, that "the action of any of the sureties with their principal, cannot bind the creditors to whom the purchase price is due."

After applying the whole proceeds of the policy of insurance to the satisfaction of plaintiffs' executions, there will remain still due and un-

paid on the purchase price of the *Trabue* a balance of about eleven thousand dollars.

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.